**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAUD ABDULLAH HOLIDAY,** | : | |
| | : | **Civil No. 1:15-CV-1290** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES,** | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.     Statement of Facts and of the Case**

In this case, the petitioner, Daud Abdullah Holiday, was convicted of robbery and weapons offenses in the Superior Court of the District of Columbia, charges that related to a June 2011, knife-wielding armed robbery. Holiday has now filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241 challenging this D.C. conviction and sentence. In support of this petition Holiday alleges that he is actually innocent of these crimes. However, scrutiny of this actual innocence claim reveals that Holiday is not asserting factual innocence in this case. (Id.) Rather, Holiday's federal habeas corpus petition simply raises a host of procedural complaints regarding the conduct of these proceedings in the District of Columbia. Furthermore, Holiday alludes to the fact that there are post conviction

remedies available to him in the District of Columbia, but complains that those remedies have been unavailing. On the basis of these assertions, Holiday seeks to use the general habeas corpus statute, 28 U.S.C. §2241, to challenge his conviction and sentence and bypass the post conviction remedies that are available to him in the District of Colombia.

We recommend that the district court decline this invitation to allow Holiday to re-litigate this claim here, rather than in the court of his conviction. Our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Superior Court of the District of Columbia. Therefore, we recommend that this petition either be dismissed without prejudice or be transferred to the District of Columbia Superior Court.

## II. Discussion

### A. This Petition Should Be Dismissed or Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made

a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a D.C. prisoner's sentence, is appropriate here since it is well-settled that:  "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a  sentence, is by way of a motion for post-conviction relief in the court of conviction.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I.

Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

This rule applies with particular force to D.C. inmates like Holiday. The District of Columbia Code provides for post-conviction relief for prisoners convicted in the District of Columbia Superior Court. Specifically, " ' "Section 23–110(a)[of the D.C. Code] authorizes a 'prisoner in custody under sentence of the Superior*3 Court' to 'move the court to vacate, set aside, or correct the sentence.' " Id. at 998 (quoting D.C. Code § 23–110(a)). Section 23–110(g) provides that "to the extent that this remedy [is] available, it [is] an exclusive one: 'An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for

4

relief under this section [§ 23–110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" Blair–Bey, 151 F.3d at 1042 (quoting D.C. Code § 23–110(g) (last alteration in original)). This provision "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23–110 remedy available to them, unless the petitioner could show that the section 23–110 remedy was 'inadequate or ineffective.'" Whoie v. Warden, Butner Fed. Med. Ctr., 891 F. Supp. 2d 2, 2-3 (D.D.C. 2012). Thus, given the panoply of statutory post-conviction remedies available to D.C. prisoners in the District of Columbia through the Superior Court, it has generally been held that other federal courts should defer to those remedies when invited to entertain habeas petitions filed by D.C. inmates. See, e.g., Swain v. Pressley, 430 U.S. 372, 378 (1977); Whoie v. Warden, Butner Fed. Med. Ctr., 891 F. Supp. 2d 2, 3 (D.D.C. 2012).

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the D.C. Code remedy would be inadequate or ineffective to test the legality of his detention. Whoie v. Warden, Butner Fed. Med. Ctr., 891 F. Supp. 2d 2, 3 (D.D.C. 2012). In this regard, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."

Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)) Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition should be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that relief under the D.C. Code would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of relief under the D.C. Code. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Thus, to pursue a claim under §2241 one must, in essence, present an assertion of actual innocence due to an intervening change in the law.

In this regard: "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)." Bousley v. United States, 523 U.S. 614, 623-24(1998). "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the

6

evidence,' ' ' it is more likely than not that no reasonable juror would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))." Bousley v. United States, 523 U.S. 614, 623 (1998). Applying this principle to claims made under Dorsainvil:

> [T]his Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251–52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect. A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case. See House, 547 U.S. at 536–37 (citing Schlup, 513 U.S. at 327).

White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010).

On its face, Holiday's petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Holiday has not, and indeed cannot, argue that armed robbery is a matter which an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, this conduct remains as illegal today as it was when Holiday was convicted. Furthermore, Holiday's petition does not raise a claim of actual, factual innocence. Rather, it simply posits a claim of "innocence based on a legal, procedural defect." White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010). However, " 'actual innocence' means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)." Bousley v. United States, 523 U.S. 614, 623-24 (1998).

Since "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative," Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)), Holiday simply has not shown that the remedies provided by the D.C. Code was inadequate or ineffective in his case. Rather, he has merely demonstrated that his efforts to rely these remedies have thus far been unavailing. In sum, the Dorsainvil exception simply has no application here. Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate these legal claims in a different forum. Such a claim is

plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this court.  Manna v. Schultz, 591 F.3d 664 (3d. Cir. 2010).

Recognizing that this matter is not appropriately brought before this Court, we acknowledge that the petition could be dismissed.  Indeed, dismissal is often the favored course in these cases.  See, e.g., Swain v. Pressley, 430 U.S. 372, 378 (1977); Whoie v. Warden, Butner Fed. Med. Ctr., 891 F. Supp. 2d 2, 3 (D.D.C. 2012).  In the alternative, the petition could be transferred to the District of Columbia Superior Court, so the sentencing district court may consider this petition.  Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation.  Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have

often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration.  In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the District of Columbia Superior Court pursuant to 28 U.S.C. §1404 are fully satisfied.  At the outset, it is apparent that the District of Columbia Superior Court is another court

where this claim might have been brought. Indeed, that court is the most appropriate venue for this particular challenge to this conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the District of Columbia Superior Court would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Further, we note that an order transferring this case to the sentencing court for further proceedings also protects the petitioner's rights as a pro se litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the

petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note this procedure would be consistent with the past practice of this Court when handling similar claims made by D.C. inmates. Ganeous v. Zickefoose, No. 3:CV-14-443, 2014 WL 2940583, at *1 (M.D. Pa. June 30, 2014). Thus, a transfer order would promote consistency and uniformity of practice in this field.

In sum, Holiday invites this Court under the guise of a habeas petition to do something which the sentencing court must do, and set aside his conviction due to alleged procedural errors. We should decline this invitation, given that Holiday has made no showing that the remedies provided for by the D.C. Code are inadequate or ineffective to test the legality of his conviction, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed by the D.C. Code. Consequently, this Court should either dismiss this petition without prejudice or transfer this petition to the District of Columbia Superior Court pursuant to 28 U.S.C. § 1404, so that court may address these claims.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, that this Court should either dismiss this petition without prejudice or transfer this petition to the District of Columbia Superior Court pursuant to 28 U.S.C. § 1404, so that court may address Holiday's claims.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of July 2015.

*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge